**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| **GOLFVIEW DEVELOPMENTAL** | ) | **Case No. 05-27057** |
| **CENTER, INC.,** | ) | |
| | ) | **Honorable Jacqueline P. Cox** |
| Debtor. | ) | |

## NOTICE OF APPLICATION

TO:    See Attached Service List

PLEASE TAKE NOTICE that on September 7, 2010, at the hour of 9:30 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom 619 of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before any other judge who may be sitting in her place and stead, and shall then and there present the following motion, a copy of which is attached hereto and hereby served upon you, at which time and place you may appear if you see fit.

1)    **SIXTH AND FINAL APPLICATION OF WILDMAN, HARROLD, ALLEN & DIXON, LLP, COUNSEL TO GOLFVIEW DEVELOPMENTAL CENTER, INC., FOR ALLOWANCE OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

WILDMAN, HARROLD, ALLEN & DIXON LLP

BY:_____ /s/ *Mary E. Olson* _____

David J. Fischer (Atty. #813745)
Joy L. Monahan (Atty. #6292539)
Mary E. Olson (Atty. # 6297334)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 201-2000

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| GOLFVIEW DEVELOPMENTAL | ) | |
| CENTER, INC., | ) | Case No. 05-27057 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on August 17, 2010, I caused a true and correct copy of the **Sixth and Final Application of Wildman, Harrold, Allen & Dixon, LLP, Counsel To Golfview Developmental Center, Inc., For Allowance Of Compensation, Reimbursement Of Expenses And Related Relief**, a copy of which is attached, to be served on all parties of record, at the addresses listed on the attached Service List via First Class Mail.

GOLFVIEW DEVELOPMENTAL CENTER, INC.

By: ___*/s/ Joy L. Monahan*_____
One of Its Attorneys

David J. Fischer (Atty. #813745)
Joy L. Monahan (Atty. #6291826)
Mary E. Olson (Atty #6297334)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 201-2000

2095148_1.DOC

## SERVICE LIST

Able Electric
7716 Kolmar
Skokie, IL 60076

Alther L Garcia
5343 Madison Street
Skokie, IL 60077

Carrie L Cosgrove
Carrie L Czyzowicz
1474 N Gatewood Ave
Palatine, IL 60067

Cyriac K Joseph
5311 Madison
Skokie, IL 60077

Dipak H Shah
8006 Lyons Street
Niles, IL 60714

Evangeline Segovia
9342 D Noel Avenue
Des Plaines, IL 60016

Joseph V Matthew
8913 N Marion
Morton Grove, IL 60053

Joysy B Simon
9052 Barberry Lane
Des Plaines, IL 60016

Judith D. Cordova
4836 Kirk St. Unit – A
Skokie, IL 60077

Khalid A Roberts
9347 S Claremont
Chicago, IL 60620

Kishor Kannala
3940 W Ainsle Street, Apt. #2
Chicago, IL 60625

Local #4 SEIU
George Hemberger
7026 W North Avenue
Elmwood Park, IL 60707

Local #4 SEIU, Health & Welfare Fund
William J. Wire
7026 W North Avenue
Elmwood Park, IL 60707

Manisha R. Agnihotri
9124 Barberry Lane
Des Plaines, IL 60016

Pre-Paid Legal Service
PO Box 2629
Ada, OK 74821

Rashid A Akunji
9450 N Washington Street, Apt. #2B
Niles, IL 60714

Transamerica Life Insurance Company
4333 Edgewood Road NE
Cedar Rapids, IA 52499

First Insurance Funding Corporation
450 Skokie Boulevard, Suite 1000
Northbrook, IL 60065

Ford Credit
P.O. Box 219825
Kansas City, MO 64121-9825

Ford Motor Credit Company
P.O. Box 55000
Detroit, MI 48255-0953

Pitney Bowes Credit Corp.
P.O. Box 856460
Louisville, KY 40285

Savin Credit Corp.
21146 Network Place
Chicago, IL 60673

Anderson Elevator Co.
Greg Gibbs
2801 South 19th Avenue
Broadview, IL 60155

Anderson Pest Control
501 W. Lake Street, Suite 204
Elmhurst, IL 60126-1419

Bechtold Vision Services
1014 Mapleton Avenue
Oak Park, IL 60302

Comprehensive Therapeutics, LTD
3703 West Lake Avenue, Suite 200
Glenview, IL 60025

Cynthia Chow & Associates
5061 N. Pulaski
Chicago, IL 60630

Health Data Systems, Inc.
1515 E. Woodfield Road, Suite 104
Schaumburg, IL 60173

HRM Recruitment Firm Inc.
1540 Royal Oak Ln
Lake in the Hills, IL 60156-5532

Maxim Healthcare Services
12558 Collections Center Drive
Chicago, IL 60693

McLeod USA
P.O. Box 3243
Milwaukee, WI 53201-3243

Meikem Supply, Inc.
Bob Meier
50 Joey Drive
Elk Grove Village, IL 60007

Midwest Mechanical Services
540 Executive Drive
Willowbrook, IL 60527

Netsight, Inc.
Rick Agnew
5 Revere Drive, Suite 200
Northbrook, IL 60062

Northern Illinois Clinical Lab.
306 Era Drive
Northbrook, IL 60062

Omnicare of Northern Illinois
Billing Department
2313 S. Mount Prospect,
Des Plaines, IL 60018

Ricoh Business Systems
P.O. Box 73213
Chicago, IL 60673

Shaw Gussis Fishman Glantz
David L. Shaw
321 North Clark Street, Suite 800
Chicago, IL 60610

Simplex-Grinnell
Dept. CH 10320
Palatine, IL 60055

Department of the Treasury
Internal Revenue Service
230 S Dearborn
Stop 5016-CHI
Chicago, IL 60604

Glenkirk Association for Retarded Citizens
Robert Suder
3504 Commercial Drive
Northbrook, IL 60062

Illinois Dept of Healthcare & Family
Services
James Newbold
Assistant Attorney General
100 W. Randolph Street
Chicago, IL 60601

Professional Medical, Inc.
1917 Garnet Court
New Lenox, IL 60451-1593

Anderson Lock Co
850 E Oakton
Des Plaines, IL 60018

A.N.S.I., Inc.
P.O Box 95109
Palatine, IL 60095

Americare Staffing Service
1206 W Rosedale Avenue
Chicago, IL 60660

Automatic Appliance Parts
7757 West Lawrence Avenue
Norridge, IL 60706

Ballert Orthopedic
2445 W. Peterson Avenue
Chicago, IL 60659

ComEd
Bankruptcy Section/Revenue Management
2100 Swift Drive
Oakbrook, IL 60523

Cozzini Brothers, Inc.
P.O. Box 46489
Chicago, IL 60646

DHL Express
PO Box 4723
Houston, TX 77210

Direct Supply Equipment
6767 N Industrial Rd
Milwaukee, WI 53223

Englewood Electrical Supply Co.
737 Oaklawn Avenue
Elmhurst, IL 60126

Express Printing Center
309 N. Wolf Road
Wheeling, IL 60090

Gannett Healthcare Group
2353 Hassell Rd, Suite 11D
Hoffman Estates, IL 60169

GCS Service, Inc.
PO Box 64373
St Paul, MN 55164-0373

Great West Life & Annuity
PO Box 1080
Denver, CO 80201

Hobart Corporation
2185 Estes Avenue
PO Box 1363-60009
Elk Grove Village, IL 60007

Illinois-American Water Company
P.O. Box 578
Alton, IL 62002-0578

Illinois Health Care Association
P.O. Box 20099
Springfield, IL 62708

Just Faucets
540 S. Arthur Avenue
Arlington Heights, IL 60005

Keyth Technologies, Inc.
P.O. Box 1132
Glenview, IL 60025

Laport Chemical & Supply
PO Box 36
Winnetka, IL 60093

Medical Waste Solutions, Inc.
P.O. Box 64787
Gary, IN 46401

Medwear - Your Choice in Linen & Textiles
2201 Main Street
Evanston, IL 60202

M-I-L Staffing
9400 W. Foster, Suite L10
Chicago, IL 60656

Officemax Contract Inc
PO Box 92735
Chicago, IL 60675

On-Site Dental Services
George A. Demeors
P.O. Box 3742
Barrington, IL 60011

Personnel Planners Inc
913 W Van Buren
Chicago, IL 60607

Prime Office Products
400 S. Jefferson Street, Suite 302
Chicago, IL 60607

Quality Dairy Distributors
PO Box 446
Saint Charles, IL 60174

Robert C Jespersen, MD
5701 N Sheridan Road, Apt. #28S
Chicago, IL 60660

Sammons Preston Rolyan
P.O. Box 93040
Chicago, IL 60673

Santanna Energy Services
P.O. Box 200024
Houston, TX 77216-0024

Securtek
1255 Armour Boulevard
Mundelein, IL 60060

Shred-It, Inc.
829 Blackhawk Drive
Westmont, IL 60559

The Brickman Group Ltd
18227 D Flower Hill Way
Gaithersburg, MO 20879

Anthony R. Miner
2544 Wellington Ct.
Evanston, IL 60201

Golfview Partnership Venture
Anthony R. Miner
9555 West Golf Road
Des Plaines, IL 60016

Health Management Systems
Anthony R. Miner
9555 West Golf Road
Des Plaines, IL 60016

Bertram L. Miner
9555 West Golf Road
Des Plaines, IL 60016

Christopher H. Purcell
Sherman & Sherman
120 South LaSalle Street
Chicago, IL 60603

Dr. Brian Chicoine
Advocate Medical Group
1999 Dempster Street
Park Ridge, IL 60068

LifeStyle Options, Inc.
1501 E. Woodfield Rd, Suite 201N
Schaumburg, IL 60173-4961

M. Gretchen Silver
Office of United States Trustee
219 S. Dearborn Street, Suite 873
Chicago, IL 60606

South West Industries, Inc.
2801 South 19th Avenue
Broadview, IL 60155

Department of the Treasury
Internal Revenue Service
230 S Dearborn
Stop 5016-CHI
Chicago, IL 60604

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Judith S. Sherwin
Heather A. Jackson
Shefsky & Froelich
111 East Wacker Drive
Suite 2800
Chicago, IL 60601

Charles Sheets
Polsinelli Shalton Flanigan
  Suelthaus PC
Two Prudential Plaza
180 N. Stetson Avenue
Suite 4525
Chicago, IL 60601

Currie Motors Ford
9423 W. Lincoln
Frankfort, IL 60423-1398

Empire Cooler Service
940 West Chicago Avenue
Chicago, IL 60622

Mr. Bill Belkov
Field Examiner
National Labor Relations Board,
Region 13
209 West Adams Street
Chicago, IL 60606

Ms. Julie Kwiek
Director of Collective Bargaining
SEIU, Local 4
7026 W North Avenue
Elmwood Park, IL 60707

Richard N. Golding
Law Offices of Richard N. Golding PC
500 N. Dearborn St. 2nd Fl.
Chicago, IL 60610-4900

Vicki Peloguin
Parkway Bank & Trust Co.
4820 North Harlem Avenue
Harwood Heights, IL 60706

Illinois Department of Public Aid
ATTN: Mashelle Rose
Bureau of Prog & Reimb. Analysis
P.O. Box 19491
Springfield, IL 62794

Kenneth S. Pinsky
Warady & Davis LLP
1717 Deerfield Road
Suite 300 South
Deerfield, IL 60015-3977

Michael J. Small
Foley & Lardner LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60610

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **GOLFVIEW DEVELOPMENTAL** | ) | Case No. 05-27057 |
| **CENTER, INC.,** | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |

---

**SIXTH AND FINAL APPLICATION OF WILDMAN, HARROLD, ALLEN & DIXON, LLP, COUNSEL TO GOLFVIEW DEVELOPMENTAL CENTER, INC., FOR ALLOWANCE OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF**

---

David J. Fischer (Atty. #813745)
Joy L. Monahan (Atty. #6292539)
Mary E. Olson (Atty. #6297334)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 201-2000

---

ATTORNEYS FOR GOLFVIEW DEVELOPMENTAL CENTER, INC.

2084826-2-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **GOLFVIEW DEVELOPMENTAL** | ) | Case No. 05-27057 |
| **CENTER, INC.,** | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |

## SIXTH AND FINAL APPLICATION OF WILDMAN, HARROLD, ALLEN & DIXON, LLP, COUNSEL TO GOLFVIEW DEVELOPMENTAL CENTER, INC., FOR ALLOWANCE OF COMPENSATION, REIMBURSEMENT OF EXPENSES AND RELATED RELIEF

David J. Fischer, Joy L. Monahan, and the law firm of Wildman, Harrold, Allen & Dixon LLP ("Wildman") apply to this Court pursuant to 11 U.S.C. §§ 330 and 331 and Fed.R.Bankr.P. 2002(a)(6), 2002(i) and 2016(a) for the allowance of $496,174.25 in compensation for 1,352.10 hours of professional services rendered, and the reimbursement of $19,101.36 for costs incurred incidental to those services, during the period of July 7, 2005 through August 10, 2010, (the "Final Application Period"). Pursuant to five previously filed interim fee applications and orders of this court, the Golfview Developmental Center, Inc. (the "Debtor") has remitted to Wildman $414,440.25 for payment of Wildman's professional fees and $14,409.91 for reimbursement of costs incurred by Wildman in the course of this case. Of the total fees and expenses sought to be approved pursuant to this Final Application, Wildman further seeks the authorization for the Debtor to pay Wildman $81,734.00 for professional services rendered and reimbursement for $4,691.45 in expenses incurred by Wildman that remain unpaid for the period of November 16, 2009 through August 10, 2010. Wildman rendered the services and incurred the costs at the direction and on behalf of the Debtor, the debtor and debtor in possession in this chapter 11 case. In support of this application, Wildman respectfully represents as follows:

2084826-2-

## **BACKGROUND**

1.     On July 7, 2005 (the "Petition Date"), the Debtor filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code.  Pursuant to Sections 1107(a) and 1108(a) of the Bankruptcy Code, the Debtor is continuing in the management and possession of its business as a debtor in possession.

2.     Wildman's application to be retained as general bankruptcy counsel to the Debtor retroactive to July 7, 2005, was approved by an order of this Court dated July 14, 2005.  A copy of this order is attached hereto as Exhibit 1.

3.     On December 22, 2005, this Court entered an order granting Wildman's First Interim Application for Professional Compensation, and awarded $76,317.00 for fees and $3,333.67 for expenses.  A copy of the First Interim Order is attached hereto as Exhibit 2.

4.     On December 12, 2006, this Court entered an order granting Wildman's Second Interim Application for Professional Compensation and awarded $109,670.50 for fees and $4,396.55 for expenses.  A copy of the Second Interim Order is attached hereto as Exhibit 3.

5.     On November 20, 2007, this Court entered an order granting Wildman's Third Interim Application for Professional Compensation and awarded $91,960.00 for fees and $2,926.29 for expenses.  A copy of the Third Interim Order is attached hereto as Exhibit 4.

6.     On December 31, 2008, this Court entered an order granting Wildman's Fourth Interim Application for Professional Compensation and awarded $101,470.00 for fees and $3,012.96 for expenses.  A copy of the Fourth Interim Order is attached hereto as Exhibit 5.

7.     On December 18, 2009, this Court entered an order granting Wildman's Fifth Interim Application for Professional Compensation and awarded $35,022.75 for fees and $740.44 for expenses.  A copy of the Fifth Interim Order is attached hereto as Exhibit 6.

8.      On July 30, 2010, this Court entered the Order (I) Approving the Disclosure Statement and (II) Finding of Fact, Conclusions of Law, and Order Under 11 U.S.C. §§ 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Debtor's Second Amended Plan of Reorganization (the "Confirmation Order")  [Docket No. 310] that confirmed the Debtor's plan of reorganization.   Further, pursuant to paragraph 18 of the Confirmation Order, the Debtors shall in the ordinary course of business and without further notice to or action, order or approval of the Court, pay professionals the reasonable legal, professional and other fees related to the implementation and consummation incurred by the Debtor in connection with matters remaining in existence after the effective date of the plan, which was August 10, 2010.

9.      As of the date of the Final Application, Wildman has received $414,440.25 from the Debtor for professional fees and $14,409.91 for the reimbursement of expenses incurred by Wildman from July 2005 through November 2009.

## NARRATIVE SUMMARY - PROFESSIONAL FEES AND EXPENSES

10.      Since Wildman's retention, Wildman has devoted a substantial amount of time and resources to assist the Debtor in virtually every aspect of its operations, including the drafting, filing and presentment of numerous motions; obtaining post-petition financing; preparation of financial reports; negotiating with and litigating against the Debtor's labor union (the "Union"); litigating against, negotiating and settling with the State of Illinois; counseling Debtor's management on a range of operational issues; and successfully taking the Debtor through a chapter 11 reorganization by confirming a plan on July 30, 2010.  In that regard, Wildman attorneys have spent 1,352.10 hours providing professional services to the Debtor during through from the commencement of this case through August 10, 2010. The status of the case is such that the Debtor has reached a settlement with its Union, reached a settlement with

2084826-2-

the State of Illinois regarding its claims, confirmed a plan of reorganization, continues to operate and provide long-term care for developmentally disable adults, and the Debtor is analyzing and reconciling the claims register.

11.    The issues presented in the Debtor's case have, in many instances, been legally and factually complex and spanned diverse areas of expertise.  Due to the complexity and intricacy of the issues presented by the Debtor's case, Wildman has been required to utilize the services of more than ten attorneys and paralegals with expertise in the bankruptcy and reorganization, labor and employment, or business and health law.

12.    Attached hereto as Exhibit 7 is a biographical description of the qualifications, experience and areas of expertise of each attorney and paralegal for whom compensation is requested for the period from November 16, 2009 through August 10, 2010.

13.    Wildman has previously filed five interim applications for professional compensation to this court, and this court has approved and authorized the Debtor to pay Wildman $414,440.25 for professional fees and $14,409.91 for the reimbursement of expenses incurred by Wildman from July 2005 through November 2009.  Wildman seeks the final approval of the compensation and expense reimbursement previously approved on an interim basis.

14.    Pursuant to this Final Application, Wildman also seeks the final approval of $81,734.00 in compensation for professional services rendered to the Debtor and reimbursement of $4,691.45 for expenses incurred by Wildman from November 16, 2009 through August 10, 2010, and respectfully requests that this court authorize and direct the Debtor to pay Wildman for the $81,734.00 in compensation and $4,691.45 in expense reimbursement.

15.     In order to conform to the guidelines provided by the Office of the United States Trustee, Wildman has classified its services into eight (8) separate categories for work performed during the period from November 16, 2009 through August 10, 2010, which is the only timeframe for which Wildman has performed legal services for the Debtor and incurred expenses that are not covered by a prior interim application for compensation (the "Application Period"). The eight (8) categories are generally described below:

(a)     Matter 004—services pertaining to general business operations;

(b)     Matter 005—services pertaining to case administration;

(c)     Matter 006—services pertaining to claims administration and objections;

(d)     Matter 007—services pertaining to union and employee matters;

(e)     Matter 008—services pertaining to fee/employment applications;

(f)     Matter 011—services pertaining to litigation; and

(g)     Matter 013—services pertaining to plan and disclosure statement.

A.     <u>Services Pertaining to General Business Operations.</u>

In connection with this category, Wildman attorneys assisted the Debtor with responses to audit requests, drafting of the audit letter, and drafting the 2010 Illinois annual report.

In connection with the foregoing matters, Wildman attorneys spent 2.75 hours for which Wildman seeks compensation of $950.00. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-A. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|---|---|---|---|
| Jeffrey Harper | 0.85 | $190.00 | $161.50 |
| Robert P. Mitchell | .90 | $215.00 | $193.50 |
| David J. Fischer | 1.00 | $595.00 | $595.00 |
| **TOTAL** | 2.75 | | **$950.00** |

B.    Services Pertaining To Case Administration.

In connection with this category, Wildman attorneys counseled the Debtor's management regarding general Debtor-in-Possession issues, including bank accounts and authorized depositories, attended status hearings before the Court, counseled the Debtor regarding U.S. Trustee's fees, drafted and filed Warady & Davis LLP fee application, and reviewed and filed the monthly operating reports during the November 16, 2009 through August 10, 2010 period.

In connection with the foregoing matters, Wildman attorneys spent 12.70 hours for which Wildman seeks compensation of $5,033.50. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-B. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Yeny C. Estrada | .10 | $220.00 | $22.00 |
| Mary E. Olson | 4.10 | $230.00 | $943.00 |
| Joy L. Monahan | 4.30 | $365.00 | $1,569.50 |
| David J. Fischer | 4.20 | $595.00 | $2,499.00 |
| **TOTAL** | 12.70 | | **$5,033.50** |

C.    Services Pertaining to Claims Administration and Objections.

In connection with this category, Wildman attorneys counseled the Debtor's management regarding the claims analysis and reconciliation process, reviewed and analyzed filed claims, and drafted an omnibus objection to proofs of claims that is currently pending before this court.

In connection with the foregoing matters, Wildman attorneys spent 24.50 hours for which Wildman seeks compensation of $9,040.00. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-C. A general breakdown by timekeeper is as follows:

2084826-2-

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Mary E. Olson | .30 | $230.00 | $69.00 |
| Joy L. Monahan | 23.60 | $365.00 | $8,614.00 |
| David J. Fischer | 0.60 | $595.00 | $357.00 |
| **TOTAL** | 24.50 | | **$9,040.00** |

D.    Services Pertaining to Employee and Labor Union Issues.

Wildman attorneys continue to counsel the Debtor's management regarding general employment issues, including review and preparation for health and welfare audit, and counseled Debtor's management as to options for disciplinary actions to be taken with respect to employees.

In connection with the foregoing matters, Wildman attorneys spent 5.50 hours for which Wildman seeks compensation of $2,621.50. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-D. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Angela Marie Hubbell | 0.10 | $460.00 | $46.00 |
| Andrew Slobodien | 5.10 | $470.00 | $2,397.00 |
| David J. Fischer | .30 | $595.00 | $178.50 |
| **TOTAL** | 5.50 | | **$2,621.50** |

E.    Services Pertaining to Fee and Employment Applications.

In connection with this category, Wildman attorneys drafted Wildman's Fifth Interim Application for Reimbursement and Wildman's Sixth and Final Application for Reimbursement, the accompanying affidavits and order for both fee applications, and presented its Fifth Interim Application for Reimbursement. This Final Application seeks the final approval of all of Wildman's compensation for professional services and reimbursement of expenses incurred by Wildman in its representation of the Debtor, which totals $515,275.61.

In connection with the foregoing matters, Wildman attorneys spent 13.30 hours for which Wildman seeks compensation of $3,305.00. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-E. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Mary E. Olson | 12.50 | $230.00 | $2,875.00 |
| Joy L. Monahan | .20 | $365.00 | $73.00 |
| David J. Fischer | .60 | $595.00 | $357.00 |
| **TOTAL** | 13.30 | | **$3,305.00** |

F.    Services Pertaining to Litigation.

In connection with this category, Wildman attorneys provided legal representation to the Debtor in actions involving the Debtor, including third party citations and a wage garnishment actions.

In connection with the foregoing matters, Wildman attorneys spent 3.10 hours for which Wildman seeks compensation of $780.50. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-F. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Mary E. Olson | 2.60 | $230.00 | $598.00 |
| Joy L. Monahan | 0.50 | $365.00 | $182.50 |
| **TOTAL** | 3.10 | | **$780.50** |

G.    Services Pertaining to Plan and Disclosure Statement.

In connection with this category, Wildman attorneys provided representation to the Debtor by developing a strategy to reorganize the Debtor, drafted a disclosure statement and plan of reorganization, conducted research regarding the structure of the plan and the settlements incorporated in the plan, drafted modifications and amendments to the plan, solicited the plan of reorganization, counted ballots and created a ballet report for plan confirmation, held

conferences with the U.S. Trustee and the State of Illinois regarding the structure of the plan, and attended the confirmation hearing.

The plan is a rehabilitative plan under which the Debtor will maintain its site and entity specific license, and continue to operate its business of providing long-term care for developmentally disabled adults. The plan allows the Debtor to emerge from bankruptcy and operate profitably by reducing the Debtor's prepetition obligations, reducing the Debtor's postpetition operating costs through better cost management, obtaining the consensual deferral of both pre and postpetition real property management fees, and negotiating certain rent concessions. In addition, the plan provides for the payment of the settlement negotiated with the State of Illinois, the payment of all allowed administrative claims, and a ninety percent recovery for allowed unsecured claims. The plan also provides the Debtor with future financial flexibility. If the Debtor's costs unexpectedly exceed its budget, the Debtor negotiated a $25,000.00 rent reduction from its landlord that is available to the Debtor in the first three years of the plan. This rent reduction will enable the Debtor to continue to meet its obligations even when unanticipated cash flow and budgetary issues threaten to make it difficult for the Debtor to pay its debts. The plan implements measures that allow the Debtor to come out of this bankruptcy rehabilitated and clears a path to long-term success, all the while making distributions to its creditors to satisfy their claims.

In connection with the foregoing matters, Wildman attorneys spent 161.90 hours for which Wildman seeks compensation of $60,003.50. An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit 8-G. A general breakdown by timekeeper is as follows:

| Name | Hours | Rate | Value |
|------|-------|------|-------|
| Yeny C. Estrada | 5.30 | $220.00 | $1,166.00 |

| Mary E. Olson | 7.50 | $230.00 | $1,725.00 |
| Joy L. Monahan | 137.40 | $365.00 | $50,151.00 |
| David J. Fischer | 11.70 | $595.00 | $6,961.50 |
| **TOTAL** | 161.90 | | **$60,003.50** |

16.   The hourly rates charged by Wildman for the services rendered in connection with the Debtor's case compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise. Moreover, Wildman has not raised its rates on this file since 2008.

17.   The amount of time spent by Wildman's professionals with respect to the Debtor's chapter 11 case is reasonable given the complexity of the issues presented and the amounts at stake. Further, Wildman's services to the Debtor have been crucial in enabling the Debtor to continue to operate.

18.   Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed, and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters.

19.   All of the expenses for which reimbursement is requested are expenses that Wildman customarily recoups from all of its clients. The types of costs for which reimbursement is sought are listed below:

| | |
|---|---|
| Express Mail Charges (Includes Federal Express & UPS) | Actual cost |
| Facsimile Charges (Includes Servicing of Notices by Fax) | No reimbursement requested |
| Filing Fees (Petition & Appearance) | Actual cost |
| Internal Messenger | Actual cost |

2084826-2-

| Local Transportation Charges | Actual cost |
|---|---|
| Long Distance Charges | Actual cost |
| Commercial Messenger | Actual cost |
| Miles, Tolls and Parking Charges | Actual cost |
| Meeting Charges | Actual cost |
| Postage | Actual cost |
| Reproduction Charges-Internal | $.10 per page |
| Reproduction Charges-External | Actual cost |
| Search Charges (Includes UCC Searches) | Actual cost |
| Court Reporter Charges | Actual cost |
| Deposition Charges | Actual cost |
| Witness Charges | Actual cost |
| Transcript of Proceeding Charges | Actual cost |

20.     The specific expenses for which reimbursement is requested is requested for the period from November 16, 2009 through August 10, 2010 are summarized below, with a detailed listing of expenses attached hereto as Exhibit 9:

| SUMMARY OF EXPENSES INCURRED | |
|---|---|
| FACSIMILE CHARGES | $6.00 (amount requested $0) |
| POSTAGE | $1,068.25 |
| REPRODUCTION EXPENSE | $5,349.30 (requesting $3,566.20) |
| LOCAL TRANSPORTATION | $57.00 |
| **TOTAL REQUESTED** | **$4,691.45** |

21.     Wildman employs electronic devices such as the Equitrac system, in addition to traditional record keeping measures, to assure accuracy in the keeping of records with regard to the quantity and types of expenses incurred.   The Equitrac System automatically generates charges of $.75 per page for faxes and $.15 per page for reproduction expenses.   Accordingly, the detailed listing for expenses that is included in Exhibit 9 contains entries for these items at those rates.   However, Wildman has waived all charges related to faxes and requests reimbursement for copies at only $.10 per page, in accordance with this district's local rules.   In

addition, the detailed listing for expenses included in Exhibit 9 contains entries for Westlaw

charges, Wildman has also waived all charges related to Westlaw expenses.

22.   All of the expenses for which reimbursement is sought are costs actually borne by

Wildman and were necessarily incurred in connection with this case.  Further, all of the expenses

for which reimbursement is sought are of the type and amount that Wildman customarily recoups

from all of Wildman's clients.

23.   Wildman also seeks the final approval of the reimbursement of $19,101.36 of

expenses Wildman has incurred from July 7, 2005 through August 10, 2010.  Included in the

$19,101.36 total expense is $4,691.45 that was incurred by Wildman from November 16, 2009

through August 10, 2010.  Only the expenses incurred from November 16, 2009 through August

10, 2010 that are equal to $4,691.45 have not been previously approved pursuant to an interim

fee application, therefore, Wildman requests that this court authorize the Debtor to pay the

$4,691.45 for the reimbursement of expenses.

## PROPOSED SOURCE OF PAYMENT

24.   Wildman will be paid by the Debtor from the sums it receives from the State of

Illinois for past services rendered and from future grants the Debtor receives from various state

agencies.

## VALUE OF THE SERVICES FOR WHICH
## COMPENSATION IS SOUGHT

25.   11 U.S.C. § 330 provides, in relevant part:

> After notice...the court may award to . . . a professional person employed under
> section 327 or 1103 of this title . . .
>
> (1)   reasonable compensation for actual, necessary services rendered by
>       such . . . attorney . . . based on the nature, the extent, and the value

of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; . . .

26.     While bankruptcy courts have utilized different approaches in applying these statutory guidelines in their analyses of compensation requests in cases under the Code, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate.  As the First Circuit Court of Appeals stated in holding that a district court's reduction of requested compensation was an abuse of discretion in a case under the former Bankruptcy Act . . .

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

*In re Boston and Main Corporation,* 776 F.2d 2110 (1st Cir. 1985) (citations omitted).

## APPLICATION OF RELEVANT CRITERIA AND STANDARDS TO THIS COMPENSATION REQUEST

27.     In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required of Wildman, the reasonableness of the services rendered and the results achieved.

## Lack of Duplication Services

28.     The scope and extent of services that Wildman rendered to achieve the results obtained for the benefit of the Debtor's estate was reasonable in light of the complexity of the issues involved in this case.    Wildman attorneys judiciously allocated responsibilities to minimize possible duplication of efforts.  Compensation is sought for participation by more than one attorney of Wildman only in rare instances where joint participation was necessary because of the significant impact of a particular hearing or meeting, the complexity and novelty of the

2084826-2-

problems and issues involved, the specialization required or the need to preserve a continuity of representation. In a case of this magnitude and complexity, it is often economical and necessary for multiple attorneys to attend meetings or hearings, or to collaborate with each other on open issues, to facilitate understanding and creativity, and to achieve expeditious solutions and results.

## Benefit to the Estate

29.    The services that Wildman provided to the Debtor in this case have resulted in the preservation of assets for the benefit of the Debtor's creditors, a new contract with its union, a resolution with the State of Illinois to obtain quicker payments for the sums the State owed the Debtor under a Medicare Provider Agreement and ultimately a settlement with the State of Illinois, and the confirmation of a plan of reorganization that enables creditors to receive distributions, while they likely would receive nothing in a Chapter 7 case.

## Experience and Expertise of the Applicants

30.    The experience and expertise in bankruptcy cases and the quality of the services brought to the case by Wildman further supports the requested compensation. This law firm seeks to charge the Debtor and the estate only normal and customary hourly rates for similar services rendered in like circumstances to other firm clients. The rates for which compensation is requested are comparable or lower to those charged by other practitioners of similar experience, competence and standing. Given the challenging circumstances, factual and legal issues present in this case, Wildman submits that its hourly rates are reasonable and appropriate. The rate of compensation requested is well within the range for comparable legal services in the Chicago metropolitan community and thus fair.

**STATEMENT OF LEGAL SERVICES AND EXPENSES
PURSUANT TO 11 U.S.C. § 504 AND RULE 2016(B)
OF THE RULES OF BANKRUPTCY PROCEDURE**

31.    All of the services performed by Wildman were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by Wildman at the request and direction of the Debtor.  Pursuant to section 331 and the criteria generally applicable to the time, nature, extent and value of the services performed, Wildman posits that the fees requested for all of its services are compensable.

32.    No agreement exists between Wildman and any third person for the sharing of any compensation the Court authorizes Wildman to receive in this case, except to the extent allowed by the exception set forth in section 504 and Bankruptcy Rule 2016 with respect to the sharing of compensation among law firm members.

33.    Attached hereto as Exhibit 10 is the affidavit of David J. Fischer attesting to the accuracy of the information contained in billing documentation provided herewith.

34.    Wildman seeks the entry of an order allowing it interim compensation and reimbursement of expenses as requested herein, and authorizing and directing the Debtor to pay the amounts awarded instanter.  Attached hereto as Exhibit 11 is a proposed Order Allowing Final Compensation and Reimbursement of Expenses to Wildman Harrold Allen & Dixon LLP, Counsel for Golfview Developmental Center, Inc.

**NOTICE**

35.    The Debtor has given notice and a copy of this Application to all secured creditors of the Debtor, the Debtor's twenty largest unsecured creditors, the Office of the United States Trustee, and the Debtor's service list via U.S. Mail.  Wildman respectfully requests that the

notice of the hearing on this application be deemed sufficient pursuant to Fed.R.Bankr.P. 2002(a)(6), 2002(i) and 9007.

WHEREFORE, Wildman requests the entry of an order that:

(a) allows Wildman $496,174.25 in compensation for the Final Application Period of July 7, 2005 through August 10, 2010 on a final basis;

(b) allows Wildman $19,101.36 in expense reimbursement for the Final Application Period of July 7, 2005 through August 10, 2010 on a final basis;

(c) authorizes and directs the Debtor to pay Wildman the amount of $81,734.00, representing the unpaid fees for the period of November 16, 2009 through August 10, 2010, allowed through this Final Application, as and when the Debtor has sufficient funds on hand to pay such amounts;

(d) authorizes and directs the Debtor to pay Wildman the amount of $4,691.45, representing the unpaid expenses for the period of November 16, 2009 through August 10, 2010, allowed through this Final Application, as and when the Debtor has sufficient funds on hand to pay such amounts;

(e) waives other and further notice of this hearing with respect to this Final Application; and

(f) provides Wildman with such further relief as may be appropriate under the circumstances.

WILDMAN, HARROLD, ALLEN & DIXON LLP


BY:   /s/ Joy L. Monahan


David J. Fischer (Atty. #813745)


2084826-2-

Joy L. Monahan (Atty. #6292539)
Mary E. Olson (Atty. # 6297334)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 201-2000